IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DERYL L. BAKER | ) | |
| | ) | |
| v. | ) | NO. 3:14-2187 |
| | ) | |
| JP MORGAN CHASE BANK, N.A. | ) | |

TO: Honorable Todd J. Campbell, District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered November 12, 2014 (Docket Entry No. 3), this action was referred to the Magistrate Judge for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

On October 14, 2014, the pro se Plaintiff filed a Petition for a Temporary Restraining Order and Preliminary and Permanent Injunction in the Chancery Court for Davidson County, Tennessee, regarding real property located at 1009 Arcadia Court, Antioch, Tennessee. The action was removed to this Court by the Defendant, JP Morgan Chase Bank, ("JP Morgan"), on November 10, 2014. See Notice of Removal (Docket Entry No. 1). The Plaintiff contends he received a quitclaim deed to the property from the estate of the former property owner and that his attempt to sell the property was blocked when the Defendant, who purportedly holds the Deed of Trust to the property and a promissory note executed by the former owner, denied him payoff information about the underlying mortgage and scheduled a foreclosure sale on the property. On October 15, 2014, prior to commencement of the foreclosure sale, the state court entered a temporary restraining order

restraining the Defendant, and its agents and representatives, from conducting a foreclosure sale on the real property in question pending further orders of the court. Id. at 65-66.

In lieu of an answer, the Defendant filed a motion to dismiss (Docket Entry No. 12) arguing that the Plaintiff fails to state a claim upon which relief can be granted. By Order entered December 1, 2014 (Docket Entry No. 14), the Plaintiff was given notice of the motion to dismiss and a response deadline of December 31, 2014. He was also advised that his failure to timely file a response may result in a recommendation for the full or partial dismissal of the claims in this action. The Plaintiff has not filed any type of response to the motion and has not otherwise made any filings in the action since its removal to this Court. The docket in the action shows that court mail sent to the Plaintiff at the address he provided was returned as undeliverable on December 29, 2014, with the notation "return to sender unclaimed unable to forward." See Docket Entry No. 17.[1]

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159 (6th Cir. 1980).

---

[1] The Court notes that, although mail sent to the Plaintiff from the Court was returned as undeliverable, signed return receipt cards were returned for some mail sent to the Plaintiff. See Docket Entry Nos. 11 and 16.

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted. The Plaintiff has not responded in any manner to the motion to dismiss despite being notified of the motion and despite being advised that his failure to timely respond could result in the dismissal of the action. Further, the returned mail indicates that the Plaintiff is not keeping the Court informed of his current address. The Plaintiff's failure to respond in any manner to the motion to dismiss and to keep the Court informed of his address indicate that he has lost interest in the action. The Court need not expend further time and resources on the case in light of the Plaintiff's failure to actively litigate the case. Accordingly, dismissal of the action is warranted.

## RECOMMENDATION

The Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

*Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge